JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Exportadora PRIZE LTDA

**DEFENDANTS**

Masumoto Shipping Co., et al.

**(b)** County of Residence of First Listed Plaintiff  Santiago, Chile
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hyogo-ken, Japan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Randy C. Greene, Esq./Dugan Brinkmann Maginnis
1880 John F. Kennedy Blvd., 14th Fl.
Phila., PA 19103,  215-563-3500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1333

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 289,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  July 16, 2013

SIGNATURE OF ATTORNEY OF RECORD  /Randy C. Greene, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Exportadora PRIZE LTDA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Masumoto Shipping Co., et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| July 16, 2013 | Randy C. Greene, Esquire | Attorney for Plaintiffs |
| **Date** | **Attorney-at-law** | |
| 215-563-3500 | 215-563-5610 | rcgreene@dbmplaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Santiago, Chile

Address of Defendant: Masumoto Shipping Co and Prosper World Marine Ltd., 8-8 Nakasaki 1-chrome, Akashi-shi, Hyoge-ken, 673-0883, Japan; NYK Cool AB, P.O. Box 4315,

Place of Accident, Incident or Transaction: SE-102 67 Stockholm, Sweden **ADMIRALTY CASE**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?       Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☒ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Randy C. Greene , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: July 16, 2013       _____   62692

Attorney-at-Law       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 16, 2013       _____   62692

Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY, CAMDEN

| | | |
|---|---|---|
| **Exportadora PRIZE LTDA**<br>**Santiago, Chile** | : | **CIVIL ACTION** |
| **and** | : | |
| **Commercial Greenvic S.A.**<br>**Santiago, Chile** | : | |
| **and** | : | |
| **Exportadora Agua Santa S.A.**<br>**Santiago, Chile** | : | |
| **and** | : | |
| **Agricom Ltda**<br>**Santiago, Chile** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **M/V IVORY DAWN**<br>her engines, boilers, bunkers,<br>tackles, gear, winches, appurtenances,<br>etc., *in rem.* | : | **NO.** |
| **and** | : | |
| **Masumoto Shipping Co**<br>8-8, Nakasaki 1-chrome, Akashi-shi,<br>Hyogo-ken, 673-0883, Japan | : | |
| **and** | : | |
| **Prosper World Marine Ltd.**<br>8-8, Nakasaki 1-chrome, Akashi-shi,<br>Hyogo-ken, 673-0883, Japan | : | |
| **and** | : | |
| **NYK Cool AB**<br>P.O. Box 4315<br>SE-102 67 Stockholm, Sweden | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*
### Parties

1. Exportadora PRIZE LTDA ("PRIZE") is a corporation with an office and place of business located in Chile.

2. Exportadora Aqua Santa S.A. ("Aqua Santa") is a corporation with an office and place of business located in Chile.

3. Commercial Greenvic S.A. ("Greenvic") is a corporation with an office and place of business located in Chile.

4.      Agricom Ltda ("Agricom") is a corporation with an office and place of business located in Chile.

5.      Plaintiffs are shippers and/or receivers/consignees of fruit who regularly import their products on board ocean vessels arriving in the ports of the United States.

6.      Defendant, IVORY DAWN, is a vessel operated as a common carrier of goods in ocean transportation and is now or will be during the pendency of this proceeding within the Eastern District of Pennsylvania.

7.      At all material times, Masumoto Shipping Co ("Masumoto"), was and still is a foreign corporation duly organized and existing under the law, with an office and principal place of business at the address set forth in the caption, and was the owner, disponent owner, charterer, and/or operator of the M/V IVORY DAWN, and engaged in the common and/or private carriage of goods by sea for hire. In addition to being a carrier, Masumoto also was a bailee of the cargo described herein, by virtue of receiving the goods from the shippers under an agreement pursuant to which Masumoto was to deliver the goods in the same good order at a designated place.

8.      At all material times, Prosper World Marine Ltd. (hereinafter "Prosper"), was and still is a foreign corporation duly organized and existing under the law, with an office and principal place of business at the address set forth in the caption, and was the owner, disponent owner, charterer, and/or operator of the M/V IVORY DAWN, and engaged in the common and/or private carriage of goods by sea for hire. In addition to being a carrier, Prosper also was a bailee of the cargo described herein, by virtue of receiving the goods from the shippers under an agreement pursuant to which Prosper was to deliver the goods in the same good order at a designated place.

9.      At all material times, NYK Cool AB ("NYK"), was and still is a foreign corporation duly organized and existing under the law, with an office and principal place of

business at the address set forth in the caption, and was the owner, disponent owner, charterer, and/or operator of the M/V IVORY DAWN, and engaged in the common and/or private carriage of goods by sea for hire. In addition to being a carrier, NYK also was a bailee of the cargo described herein, by virtue of receiving the goods from the shippers under an agreement pursuant to which NYK was to deliver the goods in the same good order at a designated place.

10. At all times material hereto, Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled various vessels, including the M/V IVORY DAWN, as common and/or private carriers of merchandise for hire.

11.     The vessel owned and/or operated by the above defendants has used the ports of the State of New Jersey discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of the State of New Jersey.

12.     Plaintiffs were the shippers, consignees or owners of the cargo described more further below, and bring this action on their own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

13.     Plaintiffs by and through their attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby bring this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28

- 3 -

U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

14.   Venue lies within the District of New Jersey under the provisions of 28 U.S.C. §1391.

## COUNT I

15.   In or about February of 2012, in Valparaiso, Chile, numerous cases of fresh fruit consigned to PRIZE were delivered in good order and condition aboard the M/V IVORY DAWN for transportation to the United States and delivered to the vessel in Chile in like good order and condition.

16.   In or about February of 2012, the aforesaid shipments were loaded aboard said vessel and clean on-board bills of lading numbered NKLCVP3102206087 and NKLCVP3102206085 were issued acknowledging receipt on the vessel of the said shipment in good order and condition.

17.   Thereafter, various goods were delivered by the above named defendants to PRIZE, whereupon it was discovered that PRIZE's goods were not in like good order and condition as when received aboard the M/V IVORY DAWN, but were instead damaged, deteriorated in value and unfit for sale or use.

18.   The aforesaid damage and loss of PRIZE's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

19.   By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and its obligations as a common

carrier of goods, PRIZE has sustained damage and loss in an amount in excess of Fifty-Four Thousand Dollars ($54,000.00).

20.     The aforesaid damage and/or loss of PRIZE's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.     failing to use proper care under the circumstances;

e.     failing to operate the cargo compressor equipment properly such that the vessel experienced mechanical problems during the voyage;

f.     failing to avoid problems during the voyage resulting in improper refrigeration which caused damage to the cargo; and

g.     other and further particulars which will be shown at the time of trial.

21.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of PRIZE's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of Fifty-Four Thousand Dollars ($54,000.00).

22.     Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by PRIZE.

23.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, PRIZE prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.      If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Fifty-Four Thousand Dollars ($54,000.00).

3.      Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V IVORY DAWN, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.      Judgment be entered on behalf of PRIZE and against the defendants plus interest and costs of this action.

5.      PRIZE have such other and further relief in the premises and in law and justice as it may be entitled to receive.

## COUNT II

24.     Plaintiffs incorporate by reference as though fully set forth herein Paragraphs 1 through 23 set forth above.

25.     In or about February of 2012, in Valparaiso, Chile, 8,672 cases of fresh fruit consigned to Aqua Santa were delivered in good order and condition aboard the M/V IVORY

DAWN for transportation to the United States and delivered to the vessel in Chile in like good order and condition.

26. In or about February of 2012, the aforesaid shipments were loaded aboard said vessel and a clean on-board bills of lading numbered NKLCVP3102206069 and NKLCVP3102206072 were issued acknowledging receipt on the vessel of the said shipment in good order and condition.

27. Thereafter, various goods were delivered by the above named defendants to Aqua Santa, whereupon it was discovered that Aqua Santa's goods were not in like good order and condition as when received aboard the M/V IVORY DAWN, but were instead damaged, deteriorated in value and unfit for sale or use.

28. The aforesaid damage and loss of Aqua Santa's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

29. By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and its obligations as a common carrier of goods, Aqua Santa has sustained damage and loss in an amount in excess of One Hundred and Sixteen Thousand Dollars ($116,000.00).

30. The aforesaid damage and/or loss of Aqua Santa's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

      a. failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.      failing to use proper care under the circumstances;

e.      failing to operate the cargo compressor equipment properly such that the vessel experienced mechanical problems during the voyage;

f.      failing to avoid problems during the voyage resulting in improper refrigeration which caused damage to the cargo; and

g.      other and further particulars which will be shown at the time of trial.

31.      By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Aqua Santa's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of One Hundred and Sixteen Thousand Dollars ($116,000.00).

32.      Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by Aqua Santa.

33.      All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Aqua Santa prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.      If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any

- 8 -

vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of One Hundred and Sixteen Thousand Dollars ($116,000.00).

       3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V IVORY DAWN, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

       4.    Judgment be entered on behalf of Aqua Santa and against the defendants plus interest and costs of this action.

       5.    Aqua Santa have such other and further relief in the premises and in law and justice as it may be entitled to receive.

### COUNT III

      34.    Plaintiffs incorporate by reference as though fully set forth herein Paragraphs 1 through 33 set forth above.

      35.    In or about February of 2012, in Valparaiso, Chile, 4,224 cases of fruit consigned to Greenvic were delivered in good order and condition aboard the M/V IVORY DAWN for transportation to the United States and delivered to the vessel in Chile in like good order and condition.

      36.    In or about February of 2012, the aforesaid shipments were loaded aboard said vessel and a clean on-board bills of lading numbered NKLCVP3102206099, NKLCVP3102206100, NKLCVP3102206101, NKLCVP3102206106 and NKLCVP3102206103 were issued acknowledging receipt on the vessel of the said shipment in good order and condition.

37.     Thereafter, various goods were delivered by the above named defendants to Greenvic, whereupon it was discovered that Greenvic's goods were not in like good order and condition as when received aboard the M/V IVORY DAWN, but were instead damaged, deteriorated in value and unfit for sale or use.

38.     The aforesaid damage and loss of Greenvic's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

39.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and its obligations as a common carrier of goods, Greenvic has sustained damage and loss in an amount in excess of Fifty-Seven Thousand Dollars ($57,000.00).

40.     The aforesaid damage and/or loss of Greenvic's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

    a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.      failing to use proper care under the circumstances;

    e.      failing to operate the cargo compressor equipment properly such that the vessel experienced mechanical problems during the voyage;

f.      failing to avoid engine problems during the voyage resulting in improper refrigeration which caused damage to the cargo; and

g.      other and further particulars which will be shown at the time of trial.

41.      By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Greenvic's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of Fifty-Seven Thousand Dollars ($57,000.00).

42.      Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by Greenvic.

43.      All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Greenvic prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.      If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Fifty-Seven Thousand Dollars ($57,000.00).

3.      Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V IVORY DAWN, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Greenvic and against the defendants plus interest and costs of this action.

5.     Greenvic have such other and further relief in the premises and in law and justice as it may be entitled to receive.

## COUNT IV

44.     Plaintiffs incorporate by reference as though fully set forth herein Paragraphs 1 through 43 set forth above.

45.     In or about February of 2012, in Valparaiso, Chile, 8,640 cases of grapes consigned to Agricom were delivered in good order and condition aboard the M/V IVORY DAWN for transportation to the United States and delivered to the vessel in Chile in like good order and condition.

46.     In or about February of 2012, the aforesaid shipments were loaded aboard said vessel and a clean on-board bill of lading numbered NKLCP3102206088 was issued acknowledging receipt on the vessel of the said shipment in good order and condition.

47.     Thereafter, various goods were delivered by the above named defendants to Agricom, whereupon it was discovered that Agricom's goods were not in like good order and condition as when received aboard the M/V IVORY DAWN, but were instead damaged, deteriorated in value and unfit for sale or use.

48.     The aforesaid damage and loss of Agricom's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

49.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and its obligations as a common

carrier of goods, Agricom has sustained damage and loss in an amount in excess of Sixty-Two Thousand Dollars ($62,000.00).

      50.     The aforesaid damage and/or loss of Agricom's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

      a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

      b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

      c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.     failing to use proper care under the circumstances;

      e.     failing to operate the cargo compressor equipment properly such that the vessel experienced mechanical problems during the voyage;

      f.     failing to avoid problems during the voyage resulting in improper refrigeration which caused damage to the cargo; and

      g.     other and further particulars which will be shown at the time of trial.

      51.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Agricom's goods and the lack of appropriate stowage aboard the said vessel has suffered damages and loss in excess of Sixty-Two Thousand Dollars ($62,000.00).

      52.     Notice of claim and claim have been filed with the defendants, but they have failed and refused to pay all or any part of the loss which has been sustained by Agricom.

53.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Agricom prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Sixty-Two Thousand Dollars ($62,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V IVORY DAWN, her engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Agricom and against the defendants plus interest and costs of this action.

5.     Agricom have such other and further relief in the premises and in law and justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY:

Randy C. Greene, Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500
ATTORNEY FOR PLAINTIFFS

Dated: 7-16-13

- 14 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN**

| | | |
|---|---|---|
| Exportadora PRIZE LTDA, et al. | : | Civil Action |
| | : | |
| v. | : | No. |
| | : | |
| M/V IVORY DAWN, et al. | : | |

### DISCLOSURE STATEMENT FORM

Please check one box:

■   The nongovernmental corporate party, _____ Plaintiffs _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐   The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

7-16-13
_____
Date

_____
Signature

Counsel for:____ Plaintiffs _____

### Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:

(1) file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.